Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

———————————

### SC-2022-0515

———————————

**James LePage and Emily LePage, individually and as parents and next friends of two deceased LePage embryos, Embryo A and Embryo B; and William Tripp Fonde and Caroline Fonde, individually and as parents and next friends of two deceased Fonde embryos, Embryo C and Embryo D**

**v.**

**The Center for Reproductive Medicine, P.C., and Mobile Infirmary Association d/b/a Mobile Infirmary Medical Center**

**Appeal from Mobile Circuit Court**
**(CV-21-901607)**

_____

**SC-2022-0579**
_____

**Felicia Burdick-Aysenne and Scott Aysenne, in their individual capacities and as parents and next friends of Baby Aysenne, deceased embryo/minor**

**v.**

**The Center for Reproductive Medicine, P.C., and Mobile Infirmary Association d/b/a Mobile Infirmary Medical Center**

**Appeal from Mobile Circuit Court**
**(CV-21-901640)**

On Applications for Rehearing

MITCHELL, Justice.

SC-2022-0515 -- APPLICATION OVERRULED.  NO OPINION.

SC-2022-0579 -- APPLICATION OVERRULED.  NO OPINION.

Parker, C.J., and Shaw, Wise, Bryan, Mendheim, and Stewart, JJ., concur.

Sellers, J., dissents, with opinion.

Cook, J., dissents.

2

SELLERS, Justice (dissenting).

One of the cardinal rules of jurisprudence is that judicial decisions should follow reason and logic so that no one is ever truly surprised by them. Indeed, an important role of the judicial branch is to ensure that the rules governing society create stability and certainty that comport with the English concept of "the law of the land," i.e., to reflect the common experience, tradition, and culture of citizens over the philosophical, creative, and speculative.

As a court, we labor in anonymity, far away from the tensions experienced by other branches of government. This case has removed us from any notion of ivory-tower isolation and has subjected us to the scrutiny of world opinion, thrusting us into a public discussion that was as unwarranted as it was unanticipated.

While many of our opinions have unintended consequences, oftentimes such consequences nevertheless are foreseeable because our decisions impact others who, although they were not parties to the case, were generally aware of the potential repercussions of a reasonable decision. In this case, our decision was a surprise, if not a shock, to our citizens. The majority opinion on original submission had significant and

3

sweeping implications for individuals who were entirely unassociated with the parties in the case. Many of those individuals had no reason to believe that a legal and routine medical procedure would be delayed, much less denied, as a result of this Court's opinion.

Because those individuals never had an opportunity to submit briefs in this case to explain their positions and the law supporting them, they now have a new regime that has been forced upon them for which they had neither input, nor redress, nor a hearing. The majority opinion on original submission also addressed issues and arguments that were never raised in the parties' initial briefs and never argued by the parties. It is for these reasons that I would have granted the request to conduct oral argument on the applications for rehearing, including providing the various amici curiae an opportunity to voice their concerns, to explain the legal bases of their positions, and to highlight the various loose ends left dangling by this Court's opinion.

In light of the foregoing, and consistent with my special writing on original submission, I respectfully dissent from the denial of the applications for rehearing, especially the denial of oral argument on rehearing.

4